IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Phillip S. Figa

Case No. 03-cv-01521-PSF-PAC

LEONARD STEPHENS,
EDWARD BUHLMAN,
JIM NOFFSINGER,
GARY MCDONALD, and
BRUCE TALLMADGE, individually and on behalf of all others similarly situated,

    Plaintiffs,

v.

WEBACCESS INTERNATIONAL, INC., a Delaware corporation authorized to transact business in the State of Colorado, it's officers and directors individually,
BLAIR WHITAKER,
J. ROGER MOODY,
L. SHAWN BRESKOW,
JAMES W. STUCKERT,
ARCHIBALD J. MCGILL,
WILEY E. PRENTICE, JR.,
STEVEN A. SPESARD,
STEVEN A. LYGA,
CAROL L. LEVEQUE,
DANIEL W. BOYD,
JAMES ROGERS,
J.J.B. HILLIARD, W.L. LYONS, INC.,
STEVEN E. ANDERSON, and
all other who may be additionally named as defendants individually, jointly and severally,

    Defendants.

## ORDER ON MOTIONS TO COMPEL ARBITRATION

This matter comes before the Court on two Motions to Compel Arbitration, one filed by Defendants J.J.B. Hilliard, W.L. Lyons, Inc. ("Hilliard Lyons"), Anderson and Rogers (Dkt. # 130) on October 25, 2005 and one filed by Defendants Breskow and

Stuckert (Dkt. # 143) on November 2, 2005.  On November 11, 2005, plaintiffs filed their opposition to both motions.  The matter is ripe for determination without further briefing.

On October 19, 2005, in open court, the undersigned judge denied plaintiffs' motion for class certification (Dkt. # 128).  Six days later, Defendants Hilliard Lyons, Anderson and Rogers filed their motion to compel arbitration, and eight days after that Defendants Breskow and Stuckert filed their motion to compel arbitration.  It is undisputed that Hilliard Lyons is a brokerage firm with which each plaintiff had a customer agreement, or with whom each plaintiff signed a "new account form."  It is undisputed that Defendants Anderson, Rogers, Breskow and Stuckert, are or were employees of Hilliard Lyons and are being sued in this case in connection with such employment.

Plaintiffs do not dispute that the customer agreements or new account forms signed by them contain an arbitration clause which provides, generally, for mandatory arbitration of "all controversies which may arise between [us] concerning any transaction."  *See* new account forms at ¶ 7 and customer agreements at ¶ 15, Exhibits A through E to Defendants' Hilliard Lyons *et al.* Motion to Compel.  The arbitration provision contained in each agreement also provides that "[n]o person shall bring a putative or certified class action to arbitration, nor seek to enforce any pre-dispute arbitration agreement against any person who has initiated in court a putative class action; or who is a member of a putative class action who has not opted out of the class

with respect to any claims encompassed by the putative class action until: (1) the class certification is denied . . . ." (*Id.*)

These defendants' current motions seek to compel arbitration of the plaintiffs' claims against them under these agreements, pursuant to the provisions of the Federal Arbitration Act, particularly 9 U.S.C. § 2.  In opposition to these motions, plaintiffs argue only that these defendants have waived their right to compel arbitration because they waited too long to demand arbitration, and because they participated in this litigation and took advantage of the litigation proceedings without asserting their rights to arbitration.

The Court disagrees with plaintiffs. The simple and direct answer is found in the language of the customer agreements and new account forms, which provide in a sentence following the above-quoted language from the arbitration sections: "Such forbearance to enforce an agreement to arbitrate shall not constitute a waiver of any rights under this agreement except to the extent stated herein." *Id.*  Plaintiffs cite to no exceptions stated in the agreements.

Instead, plaintiffs argue that case law from the Tenth Circuit establishes the circumstances that support plaintiffs' waiver argument, citing to *Peterson v. Shearson/American Express Inc.*, 849 F.2d 464 (10th Cir. 1988).  The Court finds plaintiffs' arguments unpersuasive.

In *Peterson*, the Tenth Circuit stated that there is a strong policy favoring arbitration, which courts will generally enforce absent a waiver. 849 F.2d at 465-66.

The court also held that the party asserting the waiver "has a heavy burden of proof." *Id.* at 466.

The customer agreement at issue in *Peterson* contained an arbitration clause that did not allow for arbitration if the clause was "unenforceable due to federal or state law." 849 F.2d at 465.  At the time the *Peterson* plaintiff brought his case, claims for securities law violation based on Rule 10b-5 under § 10(b) of the 1934 Exchange Act were not subject to arbitration, and the defendant did not move to compel arbitration of such a federal claim asserted in the complaint.  After the Supreme Court decision in *Shearson/American Express Inc., v. McMahon*, 482 U.S. 220 (1987), which permitted arbitration of such claims, the defendant in *Peterson* filed its motion to compel arbitration of the Rule 10b-5 claim.  The Tenth Circuit rejected plaintiff's argument that arbitration of that claim had been waived, stating "[b]ecause Shearson almost certainly could not have obtained an order for arbitration of the Rule 10b-5 claim prior to *McMahon*, it did not waive its right to arbitrate the claim." 849 F.2d at 466.

The same analysis applies here.  Before this Court denied the plaintiffs' motion to certify the class, the moving defendants could not have obtained, or even legitimately sought, an order compelling arbitration because the underlying agreements did not allow it.  No such futile gestures were required. *Id.*, citing *Miller v. Drexel, Burnham, Lambert, Inc.*, 791 F.2d 850, 852-53 (11th Cir. 1986) for the proposition that there is "no need for a party to engage in futile gestures to avoid a claim of waiver of arbitration."

As plaintiffs here argue, the *Peterson* decision also rejected an effort by the defendant there to compel arbitration of state law claims, holding that defendant did

4

waive its right to compel arbitration of such claims.  The *Peterson* decision applied a six-factor test that plaintiffs here urge.  However, in *Peterson*, the Court first ruled that applicable law did not prevent the defendant from moving to compel arbitration of the state law claims from the beginning of the dispute.  849 F.2d at 467.  This initial element of *Peterson* almost entirely differentiates that case from the facts here, as this Court has already found the moving defendants were not free to move to compel arbitration prior to denial of the class certification motion.

But even upon application of all the relevant waiver factors elucidated in *Peterson*, this Court would not find a waiver by the moving defendants.  The *Peterson* decision emphasized that the defendant there moved to compel arbitration on the eve of trial in part because of its apparent "failure to examine the contract governing" the plaintiff's accounts, and did not move to compel arbitration for four months after release of the Supreme Court decision on which the defendant relied to compel arbitration of the state law claims.  849 F.2d at 468.  Such inattentiveness and delay is not present in this case.[1]  The dispositive event which gave the moving defendants the opportunity to compel arbitration here was the Court's denial of the motion to certify the class. The moving defendants here, unlike the defendants in *Peterson*, did not delay in filing their motions to compel arbitration, but as noted above filed them within days of the Court's ruling.

---

[1] Plaintiffs' reliance on *MidAmerica Fed. Sav. & Loan Ass'n v. Shearson/American Express Inc.*, 886 F.2d 1249 (10th Cir. 1989) is also unpersuasive, as in that case the moving party waited until after a full trial and post-trial motions before moving to compel arbitration, a far cry from the circumstances of the instant case.  886 F.2d at 1261.

5

Accordingly, the Court finds that the moving defendants have established their right to have arbitration compelled in this case and plaintiffs have failed to meet their "heavy burden" to demonstrate a waiver of such right.  The moving defendants urge the Court to stay this litigation against them pending the arbitration proceedings, citing to the provisions of 9 U.S.C. § 3, which appears to make a stay of proceedings mandatory in such situations.  The Court agrees.

**CONCLUSION**

The motions to compel arbitration filed by Defendants Hilliard Lyons, Anderson and Rogers (Dkt. # 130) on October 25, 2005 and Defendants Breskow and Stuckert (Dkt. # 143) on November 2, 2005 are GRANTED.  This action is stayed as to these defendants.

DATED: November 17, 2005

BY THE COURT:

*s/ Phillip S. Figa*
_____
Phillip S. Figa
United States District Judge